KARREN KENNEY – SBN 174872
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
(855) 505-5588
karren.kenney@gmail.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>DAVID HERNANDEZ<br><br>Defendant. | CASE NO. 22CR1913-BAS<br><br>**MOTION TO EXCLUDE ANY TESTIMONY RE TECS INFORMATION BEING OFFERED** |

**MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY RE TECS INFORMATION AS IT IS BOTH IRRELEVANT AND UNRELIABLE**

Comes now Defendant, David Hernandez, and objects to the government's proposed expert testimony regarding TECS Information that be offered by the Government. The Government has not provided a Rule 16 disclosure.

**FACTUAL BACKGROUND**

Mr. Hernandez is charged in a single count indictment as follows::

> On or about June 7, 2022, within the Southern District of California, defendant DAVID HERNANDEZ did knowingly and intentionally import 500 grams and more, to wit: approximately 43.44 kilograms (95.76 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

Although a Rule 16 disclosure has not been provided by the Government, the defense anticipates the Government will still try to elicit testimony about the "border crossing history of Defendant and vehicles driven by Defendant across the border through an analysis of TECS records." The defense believes the government will try to demonstrate Hernandez's familiarity with border crossing procedures and dominion and control of the car, from which they believe knowledge of the contraband can be inferred.

## THE TECS INFORMATION IS INADMISSIBLE AS IT IS BOTH IRRELEVANT & UNRELIABLE

Mr. Hernandez objects to admission of TECS information in any format as inadmissible under Federal Rules of Evidence 402 and 404(b) and without evidentiary basis for admission. Not only is it irrelevant, TECS is overly prejudicial and should be excluded. FED. R. EVID. 403.

### A. The TECS Information Is Inadmissible

In order to admit this evidence, the government would have to lay the proper foundation under Federal Rule of Criminal Procedure 16, Federal Rules of Evidence 404(b) and 702, the hearsay rules, and the Confrontation Clause. TECS information is inadmissible either in the case-in-chief or in rebuttal because: (1) it is undisclosed

404(b) evidence; (2) it is undisclosed expert testimony; and (3) there is no hearsay exception available to the government. *See United States v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979) (TECS are not admissible under 803(6)). In order to admit these documents under Rule 803(8), which *Orozco* permits under some circumstances,[1] the government must satisfy the foundational requirements of *Orozco,* which includes a reliability inquiry. *See id.*

**B. The TECS Testimony Is Rule 404(b) Evidence**

The Ninth Circuit has clearly recognized that prior border crossings, including Hernandez personally and the vehicle) are considered prior-act evidence and subject to Rule 404(b) analysis. *See United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999) ("evidence of [the defendant's] prior border crossings and bank deposits is 'other acts' evidence subject to the provisions of Rule 404(b)"). In *Vega*, the court explained that, "[a]s an initial matter, we note that this rule applies to all 'other acts,'

[1] To the extent that *Orozco* permits admission of TECS under Rule 803(8) in limited circumstances, Client contends that *Orozco* is wrong and this Court should not follow it. Government reports, which TECS are, are inadmissible under the public records exception. FED. R. EVID. 803(8)(C), Advisory Comm. Note ("they are admissible only in civil cases and *against the government in criminal cases in view of the almost certain collision with confrontation rights* which would result from their use against the accused in a criminal case") (emphasis added); *see also United States v. Oates,* 560 F.2d 45 (2d Cir. 1977) (cited in the Federal Rule of Evidence commentary and expressly discussing the interplay between 803(6) and 803(8), finding government reports inadmissible under both). In addition, the inadmissibility of these documents under Rule 803(8)(C) cannot be cured by offering them pursuant to 803(6). FED. R. EVID. 803(6) does not, by its terms, "apply to [investigations made pursuant to authority granted by law and the] findings of agencies and offices of the executive branch," *United States v. Jones,* 29 F.3d 1549, 1554 (11th Cir. 1994), as does 803(8)(C). It is "inappropriate" to rely upon the business records exception when the language of 803(8)(C) is clearly applicable. *United States v. Sims,* 617 F.2d 1371, 1377 (9th Cir. 1980); Vincent C. Alexander, *The Hearsay Exception for Public Records in Federal Criminal Trials*, 47 ALB. L. REV. 699, 716-17 (1983).

not just bad acts. Thus, despite the fact that there is nothing intrinsically improper about [the defendant's] prior border crossings . . . , they are nonetheless subject to 404(b)." *Id.* (citation omitted); *see also United States v. Lugo*, 2015 WL 3372374, at *1-*2 (9th Cir. May 26, 2015).

Evidence of Hernandez's personal crossing is completely irrelevant to the issues that the jury needs to decide, including whether Hernandez knew there were drugs placed in his vehicle since he believed he was transporting bulk cash, not drugs.

**C. The TECS Testimony Is Expert Testimony**

Simply because the proposed witness is not rendering any "opinions" does not remove this testimony from the realm of "expert testimony." Under Federal Rule of Criminal Procedure 702, the assumption that "experts testify only in the form of opinions . . . is logically unfounded." FED. R. CRIM. P. 702, Advisory Comm. Note. Rule 702 provides that the expert testimony also can be based on "specialized knowledge." *Id.*

Here, it is anticipated that any testimony regarding TECS would be based upon the expert's "specialized knowledge," received by virtue of their position. TECS testimony thus is undisclosed expert testimony. Its reliability has never been properly litigated and Client will not be permitted a pre-trial opportunity to voir dire and seek to exclude or controvert the expert's opinion, pursuant to FED. R. CRIM. P. 16. This is prejudicial, and the Court should exclude it.

**D. No Hearsay Exception Permits This Testimony in Light of Its Unreliability**

In *Orozco,* the Ninth Circuit expressly conditioned admission of the TECS documents on the testimony of the TECS custodian that when an individual inputs the data, the machine has a mechanism permitting any mistakes to be viewed and

corrected. *See Orozco*, 590 F.2d at 793. Under *Orozco*, TECS evidence is not admissible "unless the sources of information or other circumstances indicate lack of trustworthiness." 590 F.2d at 794.

Here, without testimony of a qualified TECS custodian, the reliability of the system cannot be established. And, even if it could, the admission of TECS evidence would violate Client's rights under the Confrontation Clause.

**CONCLUSION**

For the above stated reasons, the defendant prays that this court exclude any testimony being offered regarding the TECS information/records.

DATED: July 10, 2023

Respectfully Submitted,

*Karren Kenney*

KARREN KENNEY
Attorney for David Hernandez