KARREN KENNEY – SBN 174872
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
(855) 505-5588
karren.kenney@gmail.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID HERNANDEZ<br>Defendant. | CASE NO. 22CR1913-BAS<br>**DEFENSE MOTIONS IN LIMINE** |

Motions in Limine are hereby submitted on behalf of Defendant David Hernandez, by and through appointed counsel Karren Kenney:

A. Motions to exclude the following:
    1. Involuntary Statements Obtained During Custodial Interview
    2. Cell phone evidence;
    3. ITU lookout evidence;
    4. Jail calls;
    5. Prior Convictions/Arrests/Contacts

6. Government witnesses;
7. Defense investigator from exclusion;
8. Evidence not yet produced;

B. Admit prior statements for context and other non-hearsay purposes if the motion to exclude his statement is denied.

C. Exclude evidence not yet produced.

D. Exclude any alleged statements made by Mr. Hernandez not yet in discovery.

E. Limit rebuttal during closing argument.

F. Form and Conduct Motions;

G. Leave to file Further Motions.

## FACTUAL BACKGROUND

Mr. Hernandez is charged in a single count indictment as follows:

> On or about June 7, 2022, within the Southern District of California, defendant DAVID HERNANDEZ did knowingly and intentionally import 500 grams and more, to wit: approximately 43.44 kilograms (95.76 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

### A. Motions in Limine to Exclude

**1.**

**Motion to Exclude Defendant's Involuntary Statements Obtained During Custodial Interview**

Mr. Hernandez primary language is Spanish, not English. The interviewing agent who obtained Mr. Hernandez post-arrest statement spoke to him in English,

knowing his primary language was Spanish. During the interview, Mr. Hernandez made it clear the interviewing agent was speaking fast, affecting his ability to process the English questioning as fast as the agent wanted him to. During the questioning, and after the Miranda warning was given in English, Mr. Herndandez made it crystal clear he no longer wanted to talk to the interviewing agent. Despite his plea, the interviewing agent completely ignored his plea and continued to force him to answer questions.

For a defendant's inculpatory statements to be admitted into evidence, the defendant's "waiver of Miranda rights [during custodial interrogation] must be voluntary, knowing and intelligent." *United States v. Binder*, 769 F.2d 595, 599 (9th Cir. 1985), overruled on other grounds by *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997) (en banc); see also *United States v. Vallejo*, 237 F.3d 1008, 1014 (9th Cir. 2001); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). "There is a presumption against waiver." *United States v. Garibay*, 143 F.3d 534, 536-37 (9th Cir.1998) (citing *United States v. Bernard S.*, 795 F.2d 749, 752 (9th Cir. 1986)) (other internal citations omitted); see also *United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984) (stating that the court must indulge every reasonable presumption against waiver of fundamental constitutional rights) (citing J*ohnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Thus, when interrogation continues in the absence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived their privilege against self-incrimination and their right to counsel. See *Miranda*, 384 U.S. at 475.

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background, age, experience, and conduct of the accused. See *Edwards*, 451 U.S. at 482; *Zerbst*, 304 U.S. at 464; see also *Doody*, 649 F.3d at 1008; *Garibay*, 143 F.3d at 536; see also *Bernard S.*, 795 F.2d at 751 (stating that "[a] valid waiver of Miranda rights depends upon

the totality of the circumstances, including the background, experience and conduct of the accused"). A determination of the voluntary nature of a waiver "is equivalent to the voluntariness inquiry [under] the [Fifth] Amendment." *Derrick v. Peterson*, 924 F.2d 813, 820 (9th Cir. 1990), overruled on other grounds by *United States v. Preston*, 751 F.3d 1008, 1019 (9th Cir. 2014).

A determination of whether a waiver is knowing and intelligent, on the other hand, requires a reviewing court to discern whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Derrick*, 924 F.2d at 820; see also *United States v. Amano*, 229 F.3d 801, 805 (9th Cir. 2000); *Garibay*, 143 F.3d at 536. This inquiry requires that a court determine whether "the requisite level of comprehension" existed before upholding the purported waiver. *Derrick*, 924 F.2d at 820. Thus, "[o]nly if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." *Id*. (citations omitted).

Unless and until the government satisfies its burden to demonstrate that sufficient Miranda warnings were given, and that HERNANDEZ knowingly, intelligently, and voluntarily waived his rights, no evidence obtained as a result of the interrogation can be used against HERNANDEZ. See *Miranda,* 384 U.S. at 479.

Here as previously stated, Mr. Hernandez was being interviewed in English, even though English is not his primary language which was clear during the interview. Mr. Hernandez begged the agent to stop the questioning early on in the interview and the agent refused to stop and forced Hernandez to answer his questions. This was a clear violation of Hernandez's rights. Specifically, the Government transcript of the interview states:

Page 37

DAVID HERNANDEZ: Sir, come on. You're trying to trick me, please.
HSI AGENT MARK JAY: I'm not trying to trick you at all. I'm asking you --
DAVID HERNANDEZ: Okay. Let's stop. Let's stop.
HSI AGENT MARK JAY: I'm asking you a simple question.
DAVID HERNANDEZ: Let's stop.
HSI AGENT MARK JAY: Does the gas gauge work?
DAVID HERNANDEZ: I want to stop.
HSI AGENT MARK JAY: Does the gas gauge work or not work?
DAVID HERNANDEZ: I'm going to stop, because I thought you said you were going to help me, and you're, kind of, tricking me.

Prior to this forced questioning, the agent stated as part of the Miranda advisement the following:

Page 10

HSI AGENT MARK JAY: Okay. You have the right to consult an attorney before making any statement or answering any questions.
Do you understand?
DAVID HERNANDEZ: (Nods head, yes.)
HSI AGENT MARK JAY: You have the right to have an attorney present with you during questioning. If you can't afford an attorney, one will be appointed for you before any questioning, if you wish.
Understand?
DAVID HERNANDEZ: Uh-huh.
HSI AGENT MARK JAY: If and you decide to answer questions now, you still have the right to stop the questioning at any time or to stop the questioning for the purpose of consulting an attorney.
Understand?
DAVID HERNANDEZ: (Nods head, yes.)
HSI AGENT MARK JAY: Yeah?
DAVID HERNANDEZ: Yeah.

Despite Mr. Hernandez's clear plea to stop the questioning as he was advised he could do according to the Miranda advisement, Agent Jay continued to force him to answer questions. Given the forced custodial questioning after clearly

asking for it to stop, all Statements taken in violation of *Miranda* should be excluded.

**2.**

**Motion to Exclude Cell Phone Evidence**

Although no Rule 16 disclosure has been provide, the Government has provided in discovery cell phone evidence discovered in two cell phones, including but not limited to contact information, call logs, applications, and messages. The Government has not stated in any notice what specific cell phone evidence it is intending to use during the jury trial. The Government should be required to establish that any cell phone evidence it is seeking to admit is relevant and pertains to the actual conduct charged, and that the probative value of admitting this type of evidence is not outweighed by the prejudicial effect. Otherwise, it should be excluded.

**3.**

**Motion to Exclude ITU Lookout Evidence**

The Government may try to admit ITU lookout evidence. This evidence has absolutely no relevance to the charges Mr. Hernandez is fighting. This evidence is substantially more prejudicial than probative under Rule 403. The probative value of a "Lookout" hit being placed on Mr. Hernandez, without the Government providing any discovery to lay the foundation and reasons as to why this was ever placed on him in the first place, is extremely prejudicial. Given the prejudice, it should be excluded.

**4.**

**Motion to Exclude Jail Calls**

The Government has not stated if it is seeking to admit any jail calls during the time Mr. Hernandez was in custody prior to being released. Until the

Government can identify the calls it is intending to use and prove the caller is actually Mr. Hernandez, they are irrelevant to this case under Rule 401 and should not be admitted.

In addition, this evidence is substantially more prejudicial than probative under Rule 403. It would also lead to a waste of time as allowing in evidence of random jail calls could lead to a mini-trial on all the calls and the need to designate a voice recognition expert since it is common practice for inmates to share phone log in information with each other, which allows for calls to be placed by other inmates under a different inmates assigned number.

**5.**

**Motion to exclude evidence of alleged prior convictions, arrests and law enforcement contacts**

The government may seek to introduce evidence of Mr. Hernandez's past convictions, arrests and/or law enforcement contacts. This evidence should be excluded for the following reasons.

The Court should first exclude this evidence as un-noticed and improper **other-acts evidence under Rule 404(b)**. The alleged prior convictions, arrests and law enforcement contacts have nothing to do with the charges Mr. Hernandez now faces, and the government cannot establish any evidentiary hypothesis under which they would be admissible. *United States v. Mehrmanesh*, 689 F.2d 822, 831 (9th Cir. 1982)(government must articulate the "evidential hypothesis" according to which evidence may properly be admitted under Rule 404(b)). The only purpose of this evidence would be to smear Mr. Hernandez as a supposed law-breaker.

In holding that the district court abused its discretion for admitting a "user quantity conviction," the Ninth Circuit in *Ramirez* explained: "The user quantity conviction can only be used to prove that Ramirez-Robles knew what

methamphetamine is and how to identify it. Because the government did not allege in this case that Ramirez-Robles personally handled the methamphetamine he is accused of trafficking, the knowledge demonstrated by the user quantity conviction does not prove a material element of the government's case. Lacking such a 'focused determination of relevance' the district court abused its discretion in admitting the evidence of Ramirez-Robles's conviction for possession of a user quantity of methamphetamine." *Ramirez-Robles,* 386 F.3d at 1243 (citing *Martinez,* 182 F.3d at 1112 (quoting *United States v. Mayans,* 17 F.3d 1174, 1183 (9th Cir.1994)).

This evidence is also **irrelevant under Rule 401**, and is **substantially more prejudicial than probative under Rule 403** – the probative value of an arrest/conviction alone is zero, and the prejudicial effect would be plain. It would also lead to a waste of time as allowing it in could lead to a mini-trial on the facts and circumstances of any prior conviction, arrest or law enforcement contact.

**6.**

**Motion to Exclude Government Witnesses from all trial proceedings**

Mr. Hernandez is entitled to exclusion of government witnesses as a matter of law. **Federal Rule of Evidence 615** provides that at "the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Because the truthfulness of witness testimony and the ability to detect fabricated testimony is best achieved through a comprehensive exclusion order, this Court should extend the scope of its order to cover opening and closing arguments, as well as motion hearings.

**7.**

**Motion to Exclude Defense Investigator Sean Sinnegan from Witness Exclusion orders.**

The presence of licensed investigator Sean Sinnegan is essential to the defense and should be exempt from any witness exclusion order. Rule 615 includes an exception to witness exclusion for a "person whose presence a party shows to be essential to present the party's claim or defense." Fed. R. Evid. 615(c). The exception has been applied to permit defense investigators to be present at trial, even when it is anticipated they may testify. *See United States v. Ortiz*, 10 F. Supp. 2d 1058 (N.D. Iowa, 1998). As the *Ortiz* court noted, excepting an essential defense investigator from a witness exclusion order is both authorized by statute and required by considerations of fairness.

> Even one case agent available to the government has access to almost unlimited law enforcement investigative resources-federal, state, and local- to perform the necessary footwork if unanticipated issues come up during trial. Against this full panoply of resources available to the government, a criminal defendant can reasonably show the presence of one investigator in the courtroom, who must also then perform the footwork of necessary investigations and testify upon the results of his or her investigations, is "essential" within the meaning of the Rule 615(3) exemption.

*Id.* at 1066. Ms. Sinnegan is the defense investigator in this case and is familiar with the facts and witnesses. It is critical to the defense that she be permitted to remain in the courtroom, so she can respond to witness testimony with prompt investigation and assist defense counsel. Consequently, she should be designated as essential and exempt from witness exclusion orders under Rule 615.

**8.**

**Motion to Exclude evidence not yet produced in discovery/Motion to Order a Discovery Cut-Off Date**

Pursuant to Rule 16(d)(2), Mr. Hernandez requests that the Court prohibit the government from introducing evidence not yet produced in discovery. At the

time of this hearing, Mr. Hernandez respectfully asks the Court to prohibit the government from introducing any discoverable evidence that it has not yet turned over. Of course, should the government discover any *Brady* evidence, the defense requests that the government immediately produce such evidence.

**B. Admit prior statements for context and other non-hearsay purposes if the motion to exclude his statement is denied.**

A defendant's prior statements are generally inadmissible as hearsay when offered by the defendant. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). However, the statements are admissible if used to correct a distorted presentation by the government or for a non-hearsay purpose. *See* Fed. R. Evid. 106 (rule of completeness) and 801(c)(2) (out-of-court statements are only hearsay if offered for the truth of the matter asserted). They are also admissible if they fit one of the hearsay exceptions. Although the government often moves *in limine* to "preclude self-serving hearsay," there is no such thing as "self-serving hearsay"—there is only hearsay or non-hearsay, and hearsay may of course be admissible in certain circumstances. *See* Fed. R. of Evid 801, 802, 803, and 804. These rules do not change simply because the declarant or the proponent sits on the defense side of the courtroom.

**First,** a defendant's prior statements are only hearsay if they are offered for the truth of the matters asserted. If offered for any other purpose, they are non-hearsay and admissible. *See* Fed. R. Evid. 801(c)(2); *see also United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (statements offered to show effect on the listener are not hearsay); *United States v. Cruz-Diaz*, 550 F.3d 169, 177 (1st Cir. 2008) (post-arrest statements were not hearsay where offered to show effect on investigation).

**Second,** the rule of completeness permits a party to introduce a complete writing or recording in order to correct a misleading impression. There's no bright-line rule; the standard is simply "fairness." *See* Rule 106; 21 Charles Alan Wright & Kenneth W. Graham Jr., *Federal Practice and Procedure: Evidence* § 5077 at 370 (describing "fairness" standard).

**Third,** one or more of Mr. Hernandez's statements may fall under an exception to the rule against hearsay. For example, one or more of his prior statements may be admissible to show his present-sense impression under Rule 803(1), his plans for the future under Rule 803(3), and his conformity with that plan under the *Hillmon* doctrine. *See Mut. Life. Ins. Co. v. Hillmon*, 145 U.S. 285 (1892); *see also United States v. Uriarte-Perez*, 164 F.3d 632, at *2 (9th Cir. 1998) (unpublished).

For these reasons, should Mr. Hernandez attempt to elicit any of his prior statements from any witness, the Court should (1) admit any statements not offered for their truth, (2) admit any statements fitting within an exception to the hearsay rule, and (3) admit any statements offered under Rule 106 to correct a misleading impression created by the government's selective introduction of other portions of the post-arrest interview.

**C. Exclude evidence not yet produced.**

Pursuant to Rule 16(d)(2), Mr. Hernandez requests that the Court prohibit the introduction of any evidence not yet produced in discovery.

D. **Exclude any alleged statements made by Mr. Hernandez not yet in discovery.**

Mr. Hernandez has requested all discovery under Federal Rule of Criminal Procedure 16. The first and second subsections of this rule relate to any oral or written statements made by the defendant.

Occasionally, once the Government begins preparing for trial, its witnesses have as-yet undocumented recollections about something a defendant said. Any as-of-yet unproduced statements made by Mr. Hernandez, or to any other government agent, should be excluded.

Additionally, Mr. Hernandez's position is that any statements other than those already provided require a determination of voluntariness outside the presence of the jury, prior to their introduction. *See* 18 U.S.C. § 3501.

**E. Limit rebuttal during closing argument.**

The government is entitled to rebuttal during closing argument, but the argument should be limited to rebuttal. In other words, the defense objects to "sandbagging", where the government makes new arguments that are not in response to the defense's argument. *See United States v. Maloney*, 699 F.3d 1130, 1141 (9th Cir. 2012) ("a prosecutor cannot use rebuttal to put forth new arguments, but is restricted to responding to the points made by the defense counsel in closing argument") (citing *United States v. Taylor*, 728 F.2d 930, 937 (7th Cir. 1984)).

F. **Form and Conduct Motions**

Finally, Mr. Hernandez hereby makes the following motions regarding the form and conduct of the trial:

a. to <u>exclude the government's witnesses</u> under Rule 615 of the Federal Rules of Evidence, and for the defense investigator to remain at counsel table if the government's case agent can;

*b. not* to send <u>the Indictment into the jury room</u> during deliberations; *see* Ninth Cir. Model Jury Intsr. 3.2.1 (commentary); and,

c. for <u>attorney-conducted voir dire</u> under Rule 24(a) of the Federal Rules of Criminal Procedure.

**G. Leave to file further motions.**

Defense counsel received more than 1000 pages of discovery that was uploaded to USAfx on Friday, July 7, 2023 at 4:35pm. Therefore, it is possible additional motions will be necessary after the entirety of the new discovery is reviewed, and if additional discovery is further produced after the filing of this motion.

## CONCLUSION

For the above stated reasons, the defendant prays that this court grant Mr. Hernandez's motions in limine.

DATED: July 10, 2023 Respectfully Submitted,

Karren Kenney
KARREN KENNEY
Attorney for David Hernandez